UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH MCBRIDE**

    **Petitioner,**

**v.**                                           **Case No.  8:07-cv-2126-T30TBM**

**JAMES R. MCDONOUGH,**

    **Respondent.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Joseph McBride's (hereinafter referred to as "McBride" or "Petitioner") Petition by a State Prisoner for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (CV Dkt. #1) filed on November 19, 2007, the Government's Response (CV Dkt. #7), and Petitioner's Reply (CV Dkt. #8). The Court concludes that this Petition is due to be summarily denied because the instant Petition is untimely.

### Background

McBride was charged with DUI manslaughter and tried by a jury in the Circuit Court for the Thirteenth Judicial Circuit in Hillsborough County, Florida. He was convicted, and on May 24, 1999, was sentenced to 17.9 years in prison.

McBride filed a direct appeal, but the Second District Court of Appeal ("Second District") affirmed his conviction. McBride v. State, 774 So. 2d 698 (Fla.2d DCA 2000). He then sought review in the Florida Supreme Court, but that Court simply remanded the case

back to the Second District, <u>McBride v. State</u>, 788 So. 2d 962 (Fla. 2001), which again affirmed. <u>McBride v. State</u>, 816 So. 2d 656 (Fla. 2d DCA 2002).

Despite these failures, McBride sought review in the Florida Supreme Court a second time. Again, however, the Florida Supreme Court remanded the case to the Second District, <u>McBride v. State</u>, 885 So. 2d 337 (Fla. 2004), which, on June 15, 2005, affirmed McBride's conviction a third time. <u>McBride v. State</u>, 903 So. 2d 373 (Fla. 2d DCA 2005).

McBride sought no further review and filed no postconviction pleadings until August 15, 2007, when he handed the instant Petition to correctional institution officials for mailing. The instant Petition was officially filed on November 19, 2007.

## **Timeliness**

McDonough's sole contention is that McBride's Petition should be denied as untimely. Specifically, McDonough claims that the instant Petition – accepting August 15, 2007, as the filing date – was not filed within one year of the date that McBride's judgment became final as required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). <u>See</u> <u>Bond v. Moore</u>, 309 F.3d 770, 772 (llth Cir. 2002) (AEDPA imposes a one-year statute of limitations on all habeas petitions); 28 U.S.C. § 2244(d)(1)(A) (one-year period for habeas petitions begins to run on the "date which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). McBride counters by asking the Court to construe the instant Petition as a Motion for Postconviction Relief under Florida Rule of Criminal Procedure 3.850.

Here, the Court finds that more than one year indeed elapsed between the time McBride's judgment became final and the filing of the instant Petition. In making this determination, the Court accepts the following timeline as true:

(1) June 15, 2005: Second District Court of Appeal affirms McBride's conviction following second remand from Florida Supreme Court.

(2) September 13, 2005: AEDPA one-year period begins to run following expiration of 90-day window for seeking certiorari in United States Supreme Court.

(3) August 15, 2007: instant Petition provided to correctional institution officials for mailing.

(4) September 13, 2005 – August 15, 2007: seven hundred two (702) days elapse between time McBride's judgment became final and filing of instant Petition.

These calculations clearly render the instant Petitioner untimely, and McBride never contests their accuracy (or provides alternative calculations) in his Reply.

McBride's only "defense" is to ask the Court to construe the instant Petition as a motion under Rule 3.850 rather than a Petition for Writ of Habeas Corpus Pursuant to § 2254. McBride apparently hopes to avail himself of 3.850(b), which allows a motion to vacate to be filed within two years of a judgment becoming final. Fla. R. Crim. P. Rule 3.850(b). However, the Court is unable to construe the instant Petition as a motion under Rule 3.850 because – as a *federal court* – it cannot grant *state court* motions. Even if the Court could do so, construing the instant Petition as a motion under Rule 3.850 would not revive the one-year period under AEDPA for filing a habeas petition. See Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations

once limitations period has expired); see also Calvo v. Crosby, 2006 WL 462912, *2 (M.D.Fla. 2006) (Rule 3.850 motion "[does] not toll the running of the limitations period [under AEDPA if] the one-year period [has] already expired"). Thus, McBride's only "defense" is futile.

Because more than one year elapsed between the time McBride's judgment became final and the filing of the instant Petition, the Court finds the instant Petition to be untimely.

It is therefore ORDERED AND ADJUDGED that:

1. McBride's Petition by a State Prisoner for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (CV Dkt. #1) is DISMISSED as time barred.

2. The Clerk is to enter judgment for Respondent, James R. McDonough, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 20, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record